# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 3:18-CR-00085-01 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RODERICK DOUGLAS | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is the Government's Motion to Sever [Doc. No. 90]. The Government seeks to sever Defendant Roderick Douglas's ("Douglas") case from that of his co-defendants. Douglas has filed an opposition [Doc. No. 94].

The Government intends to offer at trial out-of-court statements made by Douglas as evidence of his wrongdoing. However, in addition to incriminating himself, Douglas's statements also implicate his co-defendants, and admission of Douglas's statements at trial will raise a *Bruton* issue. In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court addressed the Confrontation Clause as it applied to the admission in a joint trial of a defendant's confession that also incriminated his co-defendants. *Id*. at 127-28. The Court held that without an opportunity for the co-defendants to cross-examine the defendant, the admission of the defendant's statements violated the co-defendants' Sixth Amendment rights. *Id*.

Rule 14 of the Federal Rules of Criminal Procedure provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires." *Id*.

Although the Fifth Circuit adopts the proposition that "persons indicted together should be tried together, especially in cases alleging conspiracy," severance is appropriate where the

government plans to introduce the admissions of one defendant that implicate his co-defendants, creating Confrontation Clause issues under the Sixth Amendment. *United States v. Pofahl*, 990 F.2d 1456, 1486 (5th Cir. 1993); *Bruton*, 391 U.S. at 127-28.

A joint trial in this case would prejudice the Government, as it would require limiting the evidence the Government intends to introduce against Douglas to comport with *Bruton*. Severance, however, would not amount to any prejudice for Douglas or his co-defendants in their separate trials, and would prevent the co-defendants from being implicated by Douglas's statements.

For these reasons, and additionally for the reasons set forth in the Government's Memorandum of Law [Doc. No. 90-1] in support of its motion, the Court finds severance is necessary pursuant to Rule 14 in order to prevent prejudice to the Government and the defendants. Accordingly, the Court **GRANTS** the Motion to Sever [Doc. No. 90].

Monroe, Louisiana, this 2nd day of November, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE